951 F.2d 363
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Yolanda Celeya HANLEY, Defendant-Appellant.
 No. 91-10171.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Dec. 10, 1991.
Decided Dec. 20, 1991.
 
 Before ALDISERT*, GOODWIN and NOONAN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Following a jury trial, defendant-appellant Yolanda C. Hanley was convicted on December 6, 1990 of three counts of criminal behavior: possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B)(ii) (Count I); distribution of cocaine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B)(ii) (Count II); and conspiracy to distribute cocaine and marijuana and use of a telephone to facilitate the commission of a felony in violation of 21 U.S.C. §§ 846, 843(b) and (c), 841(a)(1) and (b)(1)(B)(ii) and (vii) (Count III). She appeals from her conviction.
 
 
 3
 Hanley's first claim is that the jury was improperly instructed on the law of multiple conspiracies. The standard of review for a district court's refusal to give a defendant's proposed jury instruction is unclear in this circuit--either abuse of discretion or de novo. United States v. Ayers, 924 F.2d 1468 (9th Cir.1991), amended, 1991 U.S.App. LEXIS 5313, amended, 91 CDOS 2427, United States v. Ravel, 930 F.2d 721 (9th Cir.), cert. denied, 112 S.Ct. 308 (1991). We do not need to clarify this ambiguity in order to decide this case, because we find that Hanley's jury was properly instructed on the law of multiple conspiracies according to either standard.
 
 
 4
 Hanley also maintains that the evidence was insufficient to support a guilty verdict on Count III (the conspiracy count), and that the district court therefore erred in denying her motions for a directed verdict and acquittal on that count. Contending that the evidence proved two smaller conspiracies rather than the single conspiracy charged in the indictment, Hanley charges a "fatal" variance between the indictment and proof.
 
 
 5
 This court cannot disturb a jury's guilty verdict unless, after viewing the evidence in the light most favorable to the government, we find that no rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307 (1979), United States v. Kenny, 645 F.2d 1323 (9th Cir.), cert. denied, 452 U.S. 920 (1981). Since Hanley's jury was properly instructed on the law of multiple conspiracies, she has not met the heavy burden necessary to overturn the jury's finding that the single conspiracy charged in the indictment did exist.
 
 
 6
 Alternatively, we find that any variance between the indictment and proof was harmless. This circuit has identified three types of prejudice that may occur when an indictment charges a single conspiracy but the evidence proves multiple ones: surprise at trial, exposure to spillover evidence against other defendants, and denial of the right to be tried only on indictment by a grand jury. United States v. Anguiano, 873 F.2d 1314, 1318 n. 2 (9th Cir.), cert. denied, 493 U.S. 969 (1989).
 
 
 7
 The first two types of prejudice are clearly inapplicable to Hanley. As to the third, in United States v. Miller, 471 U.S. 130 (1985) the Supreme Court held that not every variance between indictment and proof deprives a defendant in a conspiracy case of his or her right to grand jury indictment. In cases like Hanley's, where the evidence narrows rather than broadens the basis of conviction, no such deprivation exists.
 
 
 8
 The judgment of the district court is AFFIRMED.
 
 
 
 *
 The Honorable Ruggero J. Aldisert, Senior Circuit Judge, United States Court of Appeals for the Third Circuit, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir.R. 36-3